UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALVIN JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1790-TWP-DKL |
| | ) | |
| UNITED STATES PAROLE COMMISSION, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

**Entry Directing Further Proceedings**

Petitioner Calvin James seeks mandamus relief to discharge his parole.

Writs of mandamus are authorized by 28 U.S.C. ' 1361, which grants district courts jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In *Cheney v. United States Dist. Court,* 542 U.S. 367 (2004), the Supreme Court noted that Athe writ is one of the most potent weapons in the judicial arsenal@ and identified the three conditions that must be satisfied before it may issue:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires-a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* at 380-81 (internal citations and quotation marks omitted); *see also In re Hijazi,* 589 F.3d 401, 406-07 (7th Cir. 2009).

Mr. James shall have **through March 20, 2014**, in which to demonstrate how he could satisfy each of the three requirements described above to justify the issuance of a writ of mandamus.

**IT IS SO ORDERED.**

Date: 02/26/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Calvin James
#00304-025
Oxford FCI
P.O. Box 1000
Oxford, WI 53952